```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION
```

EDWARD G. CRADER,                 )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No. 1:09-CV-174-SNLJ
                                  )
EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
          Defendant.              )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Edward G. Crader for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The complaint

Plaintiff seeks injunctive relief in this action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. The named defendant is the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that defendant dismissed his sexual harassment case "with little to no investigation."

### Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that this action is legally frivolous and fails to state a cognizable claim for relief, because no private right of action against the EEOC exists under Title VII. *See McDaniel v. U.S. Postal Services*, 210 F.3d 384 (9th Cir. 2000); *Gibson v. Missouri Pac.R.Co.*, 579 F.2d 890, 891 (5th Cir. 1978); *Kuser v. EEOC*, 1978 WL 181 (D.Md. 1978).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 14th day of January, 2010.

_____
**UNITED STATES DISTRICT JUDGE**